NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 251157-U

NOS. 4-25-1157, 4-25-1164 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 13, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| JONATHAN S. CLINE, | ) | Nos. 20CF362 |
| Defendant-Appellant. | ) | 20CF817 |
| | ) | |
| | ) | Honorable |
| | ) | William G. Workman and |
| | ) | J. Jason Chambers, |
| | ) | Judges Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Justices Doherty and DeArmond concurred in the judgment.

**ORDER**

¶ 1   *Held*: The appellate court affirmed defendant's sentences, holding defendant failed to refute the presumption defense counsel complied with Illinois Supreme Court Rule 604(d) (eff. Apr. 15, 2024) created by defense counsel's filing of a facially valid Rule 604(d) certificate.

¶ 2   In March 2021, defendant, Jonathan S. Cline, pleaded guilty to one count of being an armed habitual criminal (720 ILCS 5/24-1.7(a) (West 2020)) and one count of theft of property with a value exceeding $500 and not exceeding $10,000 (*id.* § 16-1(a)(1)(A)) pursuant to a plea agreement in which the State agreed to drop multiple pending charges. On January 7, 2025, following a remand from this court for a new sentencing hearing, the trial court sentenced defendant to 10 years' imprisonment on the armed habitual criminal conviction, to be served consecutively to his term of 4 years' imprisonment on the theft conviction. Defense counsel filed

a motion to reconsider sentence, and the court denied the motion. Defendant appeals, contending defense counsel failed to comply with the requirements of Illinois Supreme Court Rule 604(d) (eff. Apr. 15, 2024) in that he "failed to properly amend [defendant's] motion to reconsider sentence to adequately present defects in [the sentencing] proceedings." We affirm.

¶ 3                                    I. BACKGROUND

¶ 4                        A. This Case Prior to the Most Recent Remand

¶ 5            At the outset, we note this case has been before this court on three prior appeals. See *People v. Cline*, 4-21-0575 (Jan. 26, 2022) (unpublished minute order) (*Cline I*); *People v. Cline*, 2023 IL App (4th) 220471-U, (*Cline II*); and *People v. Cline*, 2024 IL App (4th) 230834-U, (*Cline III*). Therefore, we include only those details necessary to understand defendant's arguments in the instant appeal. For a more detailed recitation of the factual and procedural background, see *Cline II*, 2023 IL App (4th) 220471-U, ¶¶ 5-15, and *Cline III*, 2024 IL App (4th) 230834-U, ¶¶ 6-32.

¶ 6            On March 4, 2021, defendant pleaded guilty in case No. 20-CF-362 to one count of being an armed habitual criminal (720 ILCS 5/24-1.7(a) (West 2020)), and, in case No. 20-CF-817, to one count of theft (over $500) (*id.* § 16-1(a)(1)(A)). In exchange, the State agreed to dismiss all other counts and cases pending against defendant, however, the parties had no agreement as to defendant's sentence.

¶ 7            At defendant's original sentencing hearing, the trial court, the Honorable William G. Workman presiding, determined few factors in mitigation applied. Concerning the factors in aggravation, it stated: "[C]ertainly, with a weapon involved, *** there is definitely a threat [of] *** cause of harm to others." The court imposed consecutive sentences of 10 years' imprisonment for the armed-habitual-criminal conviction and 4 years' imprisonment for the theft conviction.

Defense counsel filed a motion to withdraw the guilty plea or, alternatively, reconsider the sentence. The court denied defendant's request to withdraw his guilty plea and did not address defendant's request to reconsider his sentence. Defendant appealed, and this court twice remanded for strict compliance with Rule 604(d). See *Cline I*, 4-21-0575 (Jan. 24, 2022) (unpublished minute order), and *Cline II*, 2023 IL App (4th) 220471-U, ¶ 26.

¶ 8     After this court's remand in *Cline II*, postplea counsel filed new Rule 604(d) certificates and an amended motion to withdraw the guilty plea or, in the alternative, reconsider the sentence. In relevant part, the motion contained a claim the trial court should reduce defendant's sentence because possession of a firearm is an element of being an armed habitual criminal, and thus, the court erred when it considered defendant's possession of a firearm as a factor in aggravation. The court denied the motion. Defendant again appealed, challenging both the denial of his request to withdraw his plea and the trial court's use of his possession of a firearm as factor in aggravation. This court remanded for a new sentencing hearing, holding (1) the court erred by relying on a factor inherent to the offense, the presence of a firearm, as a factor in aggravation and (2) we could not determine from the record that the use of the improper factor had no effect on the sentence. *Cline III*, 2024 IL App (4th) 230834-U, ¶¶ 48-52.

¶ 9                      B. Defendant's Current Appeal

¶ 10     Following this court's remand in *Cline III*, a probation officer created a new presentence investigation report (PSI) in preparation for defendant's new sentencing hearing. The officer reported she had requested defendant's substance abuse and mental health treatment records and master file from the Illinois Department of Corrections (DOC). However, despite repeated efforts, she was unable to obtain this information. Despite the lack of records, defendant voluntarily reported two DOC infractions to her. The PSI also noted defendant had recently been

found eligible for drug court, but the "CAAPE-5 report" was not available and "the Drug Court team ha[d] not been able to staff [his] referral."

¶ 11 Defendant's second sentencing hearing took place on January 7, 2025, and the judge who originally sentenced defendant presided over his new sentencing hearing. The State advised the trial court the law had changed, and defendant's sentences were no longer mandatorily consecutive. However, the State maintained the court had discretion to make them consecutive. The State asserted consecutive sentences were necessary to protect the public from defendant's criminal conduct. In support of this assertion, the State highlighted defendant's criminal history and the fact that defendant had committed additional offenses between the time he entered his plea in these cases and the time he was first sentenced, which resulted in two additional convictions.

¶ 12 Defense counsel requested the trial court sentence defendant to drug court, arguing drug court was designed to address the kind of serious substance abuse issues that had been a major factor in defendant's recidivism. Counsel further noted, if defendant were unsuccessful in drug court, he could be given a longer sentence than the one he had already received.

¶ 13 Defendant made a statement in allocution. He stated he had earned almost a year of good-time credit by serving as a porter, "doing programs," and "doing sandbags for the flood in East Moline." He stated he had remained on "A grade," the best disciplinary rating in the DOC for the entire time he had been imprisoned on these sentences. This was despite the infractions he reported to the probation officer. He noted he had already served a significant portion of his sentence but said he would "throw all that time away just for one chance to start drug court."

¶ 14 In pronouncing defendant's sentence, the trial court stated it found few factors in mitigation were present. Conversely, it highlighted defendant's extensive criminal history and his failure to successfully complete sentences less restrictive than imprisonment as aggravating

factors. The court found a sentence to the DOC was necessary for the protection of the public, and it used its discretion to make the two sentences consecutive. It imposed consecutive sentences of 10 years' imprisonment for the armed-habitual-criminal conviction and 4 years' imprisonment for the theft conviction.

¶ 15        On January 16, 2025, defense counsel filed a motion for reconsideration of the sentence, which stated, in relevant part:

"1. On October 23, 2023, the Defendant was sentenced to 4 years in 20 CF 817 and 10 years in 20 CF 362. Those were to be served consecutive to one another, for a total of 14 years in the [DOC].

2. That the sentence imposed by the Court was excessive.

WHEREFORE, the Defendant *** asks this Court to reconsider the sentence imposed in the above referenced case."

¶ 16        On October 30, 2025, defense counsel filed a certificate of compliance with Rule 604(d) stating he had (1) "consulted with the Defendant in person, by mail, by phone or by electronic means to ascertain the defendant's contentions of error in the entry of the plea of guilty and in the sentence"; (2) examined the trial court file and report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing"; and (3) "made any amendments to the motion necessary for the adequate presentation of any defects in those proceedings."

¶ 17        The trial court held a hearing on defendant's motion on October 30, 2025. (We note the judge who imposed defendant's sentence had retired. Consequently, another judge, J. Jason Chambers, heard defendant's postsentencing motion.) At the hearing, defense counsel argued the trial court had erred when, despite this court's finding that the trial court had considered a factor inherent in the offense, the court imposed the same sentence, stating: "So [the sentencing judge]

- 5 -

did not change his sentence in any way, shape, or form even though the appellate court said that he took factors that should not have been used into consideration." Defense counsel conceded this court had not ordered the trial court to impose a lesser sentence. The State argued the record showed the trial court did not consider the improper factor on remand, and thus, there was no need to reconsider the sentence. The trial court denied defendant's motion, concluding, although the previous judge "didn't go back and spell out exactly in detail what factors he was considering," he was not required to do so. Moreover, "while sometimes if you remove a factor in aggravation that could result in a lesser sentence, that doesn't necessarily mean that it automatically would."

¶ 18      Defendant appealed his sentences for the theft conviction in appeal No. 4-25-1157 and the armed habitual criminal in appeal No. 4-25-1164. This court granted the motion to consolidate these two appeals. This consolidated appeal then followed.

¶ 19                                    II. ANALYSIS

¶ 20      On appeal, defendant contends defense counsel failed to comply with the requirements of Rule 604(d) in that he "failed to properly amend [defendant's] motion to reconsider sentence to adequately present defects in [the sentencing] proceedings." Defendant concedes defense counsel filed a facially valid certificate of compliance as required by Rule 604(d). However, he argues the lack of specificity in the motion to reconsider sentence and the failure to raise a colorable sentencing claim refute counsel's certification he had "made any amendments to the motion necessary for the adequate presentation of any defects in [the] proceedings."

¶ 21                              A. The State's Brief

¶ 22      At the outset, we must address the State's brief on appeal. The State, in its responsive brief, failed to address the issue of defense counsel's compliance with Rule 604(d) and

- 6 -

focused most of its analysis on whether the trial court abused its discretion when sentencing defendant. See *People v. Geer*, 2023 IL App (5th) 220069-U, ¶ 24 (finding the State's arguments relating to the merits of the defendant's postsentencing motion had no bearing on whether defense counsel strictly complied with Rule 604(d)). The only statement in the State's brief relating to whether defense counsel complied with Rule 604(d) is as follows: "Although defense counsel's motion to reconsider sentence was brief, any deficiency was made up for by defense counsel's arguments to the trial court explaining the history of the case and the appellate court's prior rulings. No error occurred as defendant contends." This statement is not supported by any relevant authority or citation to the record. Consequently, the State has failed to respond to the sole issue raised by defendant on appeal.

¶ 23   "Where an appellee fails to address arguments raised by the appellant, the appellee's position 'should be equivalent to that as if she had not filed a brief at all.' " *People v. Audi*, 2026 IL App (4th) 250885-U, ¶ 29 (quoting *Plooy v. Paryani*, 275 Ill. App. 3d 1074, 1088 (1995)). In cases where the appellee fails to file a brief, our supreme court has held:

> "[I]f the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief, the court of review should decide the merits of the appeal. In other cases if the appellant's brief demonstrates *prima facie* reversible error and the contentions of the brief find support in the record the judgment of the trial court may be reversed." *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

In this case, we find the record is simple and defendant's contention on appeal is such that we can easily decide it without the aid of an appellee's brief.

¶ 24                              B. Applicable Principles of Law

¶ 25        Rule 604(d) provides:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment.

\* \* \*

\*\*\* The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. Apr. 15, 2024).

The rule also requires the motion to be in writing and "state the grounds therefor." *Id.* Additionally, when "the motion is based on facts that do not appear of record," the rule requires the motion be supported by appropriate affidavits or authorized alternatives. *Id.*

¶ 26        The purpose of Rule 604(d) is to preserve a defendant's interests through adequate consultation, and defense counsel's certificate is evidence the requisite consultation has taken place. *People v. Brown*, 2024 IL 129585, ¶ 53; see *People v. Gorss*, 2022 IL 126464, ¶ 15 ("[A]n important purpose of Rule 604(d) is to ensure that any errors that may have resulted in a guilty plea and subsequent sentence are brought to the attention of the circuit court before appeal, while

memories are fresh and witnesses are available."). Our supreme court has held "counsel must strictly comply with each of the provisions of Rule 604(d) and that the failure to do so requires a remand to the circuit court for the filing of a new motion to withdraw guilty plea or to reconsider sentence and a new hearing on the motion." (Internal quotation marks omitted.) *Gorss*, 2022 IL 126464, ¶ 19. "This court generally considers [counsel's] certificate itself to evaluate compliance with Rule 604(d)." *People v. Williams*, 2025 IL App (4th) 240738, ¶ 48. However, a facially valid Rule 604(d) certificate is not conclusive as to defense counsel's compliance with the rule. *People v. Curtis*, 2021 IL App (4th) 190658, ¶ 36. The representations in such a certificate may be refuted by the record. *Id.* "Whether counsel complied with Rule 604(d) is a legal question that we review *de novo*." *Gorss*, 2022 IL 126464, ¶ 10.

¶ 27        Defendant argues the motion to reconsider sentence refutes defense counsel's Rule 604(d) certificates. Defendant's argument rests on two propositions: (1) defense counsel failed to "set forth a colorable argument, supported by evidence, precedent, or an allegation of a procedural error to support [the excessive sentencing] claim" raised in the motion and (2) defense counsel's motion "omitted colorable sentencing claims."

¶ 28                            C. Excessive-Sentence Claim

¶ 29        In support of his argument that defense counsel failed to set forth a colorable claim that defendant's sentence was excessive, defendant asserts a postsentencing motion, because it is a pleading, must comply with Illinois's fact-pleading standards, which require counsel to "plead facts in support of each element that bring the claim within the cause of action alleged." Defendant then cites multiple cases in which, according to defendant, "this Court has reviewed the sufficiency of legal pleadings and rejected claims as insufficient where those claims are not supported by facts." The cases cited by defendant include *Walters v. Department of Corrections*, 2025 IL App

(4th) 241550-U, *People v. Blakes*, 2025 IL App (4th) 241166-U, *Pleasant Hill Cemetery Ass'n v. Morefield*, 2013 IL App (4th) 120645, and *In re Marriage of Barnes*, 324 Ill. App. 3d 514 (2001). However, none of these cases involve compliance with Rule 604(d). Therefore, they are inapplicable to the instant case, and this court need not consider them. Instead, this court relies on cases involving compliance with Rule 604(d) to address defendant's claim that defense counsel failed to strictly comply with Rule 604(d).

¶ 30                    1. People v. Winston *Is Distinguishable*

¶ 31        Defendant argues the holding in *People v. Winston*, 2020 IL App (2d) 180289, provides support for the proposition the motion to reconsider was deficient and thus refuted defense counsel's certification he made all necessary changes to the motion. However, *Winston* is distinguishable.

¶ 32        In *Winston*, defense counsel filed a motion to withdraw guilty plea alleging (1) the defendant's "plea was involuntary because [the] defendant was unaware that a felony conviction would adversely affect her educational opportunities and employment prospects" and (2) "[the] defendant entered her plea under duress because she believed that, if she did not plead guilty, her ongoing detention would jeopardize her employment and [educational opportunities]." *Id.* ¶ 3. Following multiple remands from the Second District, defense counsel filed a facially valid certificate of compliance in accordance with Rule 604(d). *Id.* ¶¶ 3-4. At the third hearing on the motion to withdraw guilty plea, the defendant testified "she believed that she had a defense to the aggravated battery charge." *Id.* ¶ 6. Following the defendant's testimony, defense counsel attempted to admit written statements from four individuals, and the State objected. *Id.* ¶¶ 8-9. "The trial court sustained the objection, stating, '[W]e should have a witness here or at least someone to substantiate those documents and statements as well.' " *Id.* ¶ 9. When the court

inquired whether defense counsel would like a continuance to secure the testimony of these witnesses, defense counsel declined. *Id.* On appeal, the defendant argued defense counsel failed to strictly comply with Rule 604(d), and counsel's certificate was rebutted by the record. *Id.* ¶ 12. The Second District agreed and found defense counsel's motion failed to satisfy two specific requirements of Rule 604(d): that the motion be in writing and that it include affidavits attesting to nonrecord facts. See Ill. S. Ct. R. 604(d) (eff. Apr. 15, 2024). The core language of the holding in *Winston* is as follows:

> "[A]t the *** hearing on [the defendant's] motion to withdraw [the plea], counsel argued that the evidence was insufficient to prove [the] defendant's guilt beyond a reasonable doubt and that the interests of justice dictated that she be permitted to withdraw her guilty plea. Thus, [under Rule 604(d),] counsel was obligated to advance that argument in an amended motion supported by affidavits from the witnesses whose testimony supposedly would have exonerated [the] defendant."
>
> *Winston*, 2020 IL App (2d) 180289, ¶ 15.

¶ 33　　　　　This case is distinguishable from *Winston* in two respects. First, defense counsel did not assert any arguments at the hearing on the motion to reconsider sentence that were not included in his written motion. Second, the support for defendant's argument that the trial court imposed an excessive sentence was not outside the record. In this case, the court indicated it had reviewed a transcript of defendant's second sentencing hearing prior to hearing arguments on defendant's motion to reconsider sentence. Defendant points to no information, outside what is in the record, which he believes defense counsel should have included in the motion to reconsider sentence to support his argument that the sentence imposed was excessive.

¶ 34　　　　　　　　　　　2. *This Appeal and* Cline II

¶ 35      In addition to his reliance on *Winston*, defendant suggests defense counsel's motion to reconsider sentence has the same kind of deficiency as the motion to withdraw guilty plea, which we found deficient in defendant's second appeal, *Cline II*, 2023 IL App (4th) 220471-U, ¶ 22. We disagree.

¶ 36      The motion to withdraw a guilty plea at issue in *Cline II* alleged only, "Defendant was not aware, and did not contemplate, that the 20 CF 362 sentence was to be served at 85%" under truth-in-sentencing; the motion asserted he should therefore be allowed to withdraw his guilty plea. We held this motion "failed to provide any legally recognized basis for defendant to withdraw his guilty plea, such as defendant would not have pled guilty if he was correctly advised as to truth-in-sentencing or, alternatively, that [original defense counsel] provided ineffective assistance of counsel." *Cline II*, 2023 IL App (4th) 220471-U, ¶ 22. We further held replacement defense counsel may have evidence to support defendant's allegation he was unaware his " 'sentence was to be served at 85%.' " *Id.*

¶ 37      It is important to note the motion in *Cline II* was a motion to withdraw guilty plea, whereas the motion in the instant appeal involves a motion to reconsider defendant's sentence. The difference in the relief requested means the issue of whether a motion is legally sufficient is also different. As we stated in *Cline II*, " 'In order to withdraw [a guilty] plea, a defendant must establish a recognized basis for such withdrawal.' " *Id.* ¶ 21 (quoting *People v. Millsap*, 2022 IL App (4th) 210192, ¶ 17). By contrast, a trial court has broad discretion in imposing a sentence within the prescribed range (see, *e.g.*, *People v. Jones*, 2025 IL App (1st) 230771, ¶ 123), and our law does not place limits on a trial court's power to reduce a sentence within the prescribed range. Defendant has not cited any authority which holds a motion to reconsider sentence is legally insufficient because it alleged solely that the defendant's sentence was excessive. Conversely, Rule

604(d) specifically utilizes the phrase "challenging the sentence as excessive" when discussing a defendant's appeal rights following a guilty plea. Ill. S. Ct. R. 604(d) (eff. Apr. 15, 2024) ("No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant *** files a motion to withdraw the plea of guilty and vacate the judgment.) Thus, assuming a defendant has not received a minimum sentence, we find nothing which prevents a court from granting a motion for reconsideration of a sentence which argues only the excessiveness of the sentence. Accordingly, such a motion is not necessarily deficient—unlike the motion in *Cline II*, which we deemed deficient for "fail[ure] to provide any legally recognized basis for defendant to withdraw his guilty plea." *Cline II*, 2023 IL App (4th) 220471-U, ¶ 22. Additionally, the evidence necessary to support defendant's request to withdraw his guilty plea in *Cline II* could not be gleaned from a review of the record. Rather, defense counsel needed to support the motion with either affidavits or witness testimony at a hearing. In this appeal, as noted above, defendant points to no information outside the record that defense counsel failed to include to support the motion to reconsider sentence. In this case, defense counsel argued the sentence was excessive and should be reduced because this court concluded an improper factor was considered by the trial court when the sentence was imposed. This information was contained in the record and available for the trial court to consider when ruling on defendant's motion to reconsider sentence.

¶ 38   Consequently, defendant has failed to demonstrate the record refutes defense counsel's assertion that he "made any amendments to the motion necessary for the adequate presentation of any defects in those proceedings" with respect to defendant's excessive-sentence claim.

¶ 39   D. Failure to Include "Colorable Sentencing Claims"

¶ 40   Defendant also contends defense counsel failed to comply with Rule 604(d)

- 13 -

because defense counsel omitted "colorable sentencing claims" from the motion to reconsider sentence. However, defendant fails to set forth what claims were omitted from the motion to reconsider. Instead, defendant complains defense counsel only argued his sentence was excessive because of the length of time imposed. Defendant asserts defense counsel failed to include in the motion that "[defendant] has taken significant steps to better himself and combat his mental health and addiction issues" and "[defendant] even admirably timely participated in the PSI and drug evaluation process." Yet none of this information is a "colorable sentencing claim" that defense counsel omitted from the motion to reconsider. Instead, the information discussed by defendant is information which could support defendant's excessive-sentence claim.

¶ 41 Although defense counsel did not include this information in the motion to reconsider sentence, we find it was unnecessary because the information was considered by the trial court at defendant's second sentencing hearing and contained in the record. Pursuant to Rule 604(d), defense counsel need only supplement a motion to reconsider if the "motion is based on facts that do not appear of record." Ill. S. Ct. R. 604(d) (eff. Apr. 15, 2024). As noted above, defendant points to no information outside what was contained in the record that defense counsel should have included in the motion to reconsider sentence. Because defendant has failed to demonstrate that the record refutes defense counsel's Rule 604(d) certificate, no basis for remand exists.

¶ 42 III. CONCLUSION

¶ 43 For the reasons stated, we affirm the trial court's judgment.

¶ 44 Affirmed.